LORD *et ux.* v. LORD.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

1. PLEADINGS IN JUSTICE COURT—DEMURRER.
　　Under Code Civil Proc. N. Y. § 2939, a complaint in a justice court is not demurrable on the ground of misjoinder of parties plaintiff.

2. NONSUIT—MISJOINDER OF PARTIES.
　　Where, in a suit brought by husband and wife, it appears that the latter has no interest in the cause of action, defendant is not entitled to a dismissal of the complaint as against both plaintiffs, but only as against the wife, and his general motion for a nonsuit is therefore properly denied.

3. EVIDENCE—COMPETENCY.
　　Where the damage complained of consisted of a loss of potatoes by reason of defendant's neglect to apply Paris green to destroy the potato-bugs, a witness was asked the effect of omitting that remedy, and answered that when he omitted the remedy his potatoes were small, and when it was applied he had 140 bushels to the acre. It did not appear on what soil, or in what season, his crop was raised. *Held*, that the answer was incompetent, and should have been stricken out on motion.

Appeal from Monroe county court.

Action by William J. Lord and Anna Isabel Lord against John Z. Lord. Plaintiffs appeal from a judgment reversing a judgment rendered in their favor by a justice of the peace.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Wm. E. Edmonds*, for appellants. *J. E. Robson*, for respondent.

DWIGHT, P. J. The action was commenced, by the service of a summons, in the name of William J. Lord, as sole plaintiff. On the return-day of the summons, a complaint in writing was presented in behalf of the two plaintiffs, William J. and Anna Isabel Lord, and, in the language of the return, "on motion of plaintiffs' counsel, the summons hereto annexed was amended so as to correspond with the pleadings." The defendant, who was not represented by counsel, does not seem to have objected to this anomalous proceeding, but answered orally by a general denial, and plea of offset and counter-claim, and thus, no doubt, gave consent to a jurisdiction which, otherwise, the justice did not possess. He omitted, also, at that time to call for a *venire*, and thus waived his right to a trial by jury, which he asked for on

the adjourned day, and was met by a reference to a very recent amendment to section 2990 of the Code, which deprived him of that right unless demanded at the time of joining issue. On the adjourned day the defendant asked for leave to withdraw his answer, and to interpose a demurrer on the ground of misjoinder of parties plaintiff. This request was also refused, and the ruling, although another reason was given for it, was correct, because a demurrer on the ground mentioned is not allowed in a justice's court. Code Civil Proc. § 2939. This complaint was not demurrable because it sufficiently stated a cause of action in favor of both plaintiffs. The defect of the case of the two plaintiffs, which appeared on the trial, did not appear on the face of the complaint. That defect was that the principal, if not the entire, cause of action belonged to the plaintiff William J. Lord, and the other plaintiff had no interest in it.

This action was for damages by the breach of the contract for the letting of a farm by the plaintiff William J. to the defendant to work on shares. The two plaintiffs were husband and wife. They held the title of the farm as joint tenants, and, therefore, as shown by the opinion of the learned county judge, the husband was entitled to the possession and the rents and profits of the land during their joint lives. *Bertles* v. *Nunan*, 92 N. Y. 152. The defendant's remedy was by a motion for a nonsuit; but such motion was available only as to the plaintiff Anna Isabel. The defendant was not entitled to a dismissal of the complaint as to both plaintiffs. *Simar* v. *Canaday*, 53 N. Y. 298. His motion for a nonsuit was general, and was denied, we must assume, for that reason. Had the motion been made and granted as to the plaintiff Anna Isabel, the defendant would have had an opportunity to make proof of the offset or counter-claim, which he had pleaded as to the other plaintiff. As it was, no evidence was given on that subject, and the justice rendered judgment for the full amount claimed by the plaintiffs, which was to the extent of his jurisdiction. It would seem that in strictness none of the matters so far mentioned afforded ground for the reversal of the justice's judgment; but they do present a case in which the defendant, who, in the early stages of the action was without professional advice, may have been subjected to serious injustice in the result. We examine, therefore, the objections made by the defendant to the reception of evidence on the trial, and are of the opinion that the judgment of the justice was properly reversed for error in that respect, which may have affected the measurement of damages, to the prejudice of the defendant.

A principal item of the plaintiffs' damages consisted, as the evidence tended to show, of a loss of potatoes by reason of the defendant's neglect to properly cultivate the crop, and especially to apply Paris green to destroy the potato-bug. Upon this branch of the case a witness was asked the effect of omitting the use of the remedy mentioned. His answer was that when the remedy was omitted his potatoes were small, and when it was applied he had 140 bushels to the acre. It does not appear on what soil, nor in what season, his crop was raised. The defendant moved to have the latter part of the answer stricken out, as not responsive to the question, and as incompetent. The justice denied the motion, and allowed the answer to stand as evidence in the case, and, so far as appears, adopted it as furnishing a basis for the computation of damages. There was no other evidence in the case, except a sweeping estimate of one of the plaintiffs on the subject of the probable yield of the defendant's potatoes if properly treated. The error of the admission, or retention, of this evidence was a material one, and, under the circumstances of this case, we regard it as sufficient to warrant the reversal of the judgment of the justice. If the action is renewed, some other irregularities, if not errors, of proceeding will probably be avoided, and the result reached be more clearly in accordance with the merits of the case. The judgment of the county court should be affirmed. All concur.