JOSHUA P. DEMBY, RESPONDENT, *v.* THE CITY OF KINGSTON, APPELLANT.

*Nuisance — recovery of the expenses of abating it — tenants by the entirety — when notice to a municipal corporation will be presumed — injunction.*

A person owned two, nearly adjacent, lots of land in the city of Kingston, as to one of which he and his wife were tenants by the entirety. A stream ran through this latter lot into which filth from a city sewer percolated, and to abate, in part, the nuisance, he covered this stream. In an action brought by him against the city for maintaining a nuisance, the plaintiff recovered his expenses of covering the stream, although during the pendency, and before the trial, of such action, the plaintiff sold the piece of land through which the stream ran. *Held,* that this was proper.

That, in the case of a tenancy by the entirety, the husband was entitled to the use of the premises during the life of both parties, and to the damages sustained by reason of the maintenance of the nuisance.

That his right to recover the damages was not parted with by the sale.

That said premises were presumably injured by the nuisance to the amount of the expense incurred in restoring them to their former state.

That, upon said sale, the grantors, therefore, only received the value of the land in an undamaged condition.

The sewer in question was built to carry off storm water in 1879. In 1883 water was introduced into the city, and thereafter property owners connected their waste pipes with the sewer, but without any formal permission from the city. It was shown that complaint was made that a nuisance was thereby created, that the *locus in quo* was inspected by several aldermen, and the street superintendent testified upon the trial that it was offensive.

*Held,* that it would be presumed, in support of the verdict, that the city allowed private persons to connect their waste-pipes with the sewer, and hence it was liable, without proof of actual or constructive notice thereof, for injuries resulting therefrom.

Where it appears that a nuisance affects two lots formerly owned by the same person, one of which he had sold before the trial of an action brought to abate the nuisance, it is no objection to the granting of an injunction in such action that it would be beneficial to both lots.

APPEAL by the defendant, the City of Kingston, from a judgment, entered in the Ulster county clerk's office on the 24th day of November, 1890, in favor of the plaintiff, declaring a sewer in said city to be a nuisance, perpetually enjoining said city from maintaining it as now constructed, and ordering a nuisance caused thereby to be abated, after a trial before the court and a jury at the Ulster Circuit, at which the jury found as follows in answer to the following questions:

First question: " Does the defendant maintain a nuisance at the place mentioned in the complaint and described in the evidence?" To this question the jury answered, " Yes."

Second question: " Has the plaintiff sustained an injury special to himself in consequence thereof?" To which question the jury answered, " Yes."

Third question submitted to the jury: " If the jury answer the above two questions in the affirmative, they will fix the amount of damages to be allowed him?" To which the jury answered, " We find for plaintiff in the sum of $524."

The complaint alleged the ownership in the plaintiff of two separate houses and lots in Kingston; that the defendant maintained a sewer which discharged offensive matter into a small stream running through one of the lots and near the other, creating and maintaining

a nuisance which had damaged both lots, by fouling the air of both houses and lots and depositing offensive matter upon one of the lots, to the depreciation of their actual and rental value.

*G. D. B. Hasbrouck*, for the appellant.

*F. A. Westbrook*, for the respondent.

LANDON, J.:

The existence of the nuisance and its injurious effects were established. The plaintiff was permitted to recover damages with respect to two parcels of property, one of which was, when the action was commenced, owned by himself and wife as tenants of the entirety, but which, before trial, they sold without any reservation. While owning this parcel the plaintiff covered the small open stream which ran through it, into which stream the offensive matter creating the nuisance was discharged from the mouth of the sewer about thirty-six feet distant. He covered the stream to lessen, in part, the offensive smells and gases, which, arising from it, pervaded his premises. The learned trial judge allowed him to recover for the expense of covering this stream, but denied recovery of any other damages with respect to this lot.

The husband was entitled to the use of the premises during the life of both parties (*Bertles* v. *Nunan*, 92 N. Y., 152; *Lord* v. *Lord*, 33 N. Y. St. Rep., 753), and, therefore, it was not necessary to make his wife a party; the damages he was permitted to recover he sustained. The court submitted the question to the determination of the jury whether the plaintiff necessarily incurred this expense in remedying the nuisance, and the court approved the finding of the jury. The fact, then, is that the expense was not voluntarily or unnecessarily incurred, nor was it an expenditure indirectly caused, but was, in fact, directly compelled by the nuisance and its proximate result, and, therefore recoverable. Pending the action the plaintiff and his wife sold the premises, and, therefore, it is urged, parted with the right to damages. By the nuisance the premises were injured in value presumably to the extent of the expense which the plaintiff incurred. By the expense the premises were restored to their former condition, and thus by their sale the grantors only received their value undamaged, not that value plus the expense

to restore them to it.   Just as if defendant had destroyed the house and plaintiff had rebuilt and then sold the premises; he would not sell two houses and should recover for the one he lost.

The appellant urges that the plaintiff could have no injunction to abate the nuisance with respect to the parcel which he had sold. That is so, but the nuisance affects the parcel which he retains, and it is no objection to his injunction that it will beneficially affect the lot he sold and all the other lots in the neighborhood.

The sewer in question was a storm-water sewer, constructed in 1879.   In 1883 water was brought into the city, and thereafter private owners connected their closet and waste-pipes with this sewer.   No formal leave of the city was obtained, and it does not appear that any was necessary.   The court refused to hold, upon defendant's request, that the plaintiff was not entitled to recover for injuries prior to the knowledge by the city of the condition causing the injuries.   The action was commenced in December, 1887, and the recovery seems to be for damages from the beginning of the nuisance.   Complaints were made to the common council in 1885, and in August, 1886, a formal resolution respecting the matter was adopted.   It was shown that different aldermen inspected the place of the offensive discharge from time to time, and one of them, in 1883, connected his closet pipe with the sewer.   The superintendent of streets testified to its having become offensive in 1885.   We think it may be presumed, in support of the verdict, that the city, upon the introduction of water, consented to the connection by private parties of their waste pipes with the sewer.   The city, therefore, cannot be allowed to take the position that the wrong of private parties, done without its knowledge or consent and against its rules, created the nuisance, and that it is exempt from liability until it obtains actual or constructive notice.

The defendant urges that the injunction is improper because it cannot, in order to abate the nuisance, lawfully enter upon the premises of parties who discharge offensive matters into the sewer. Its powers for the protection of health and its own property are probably ample to enable it to sever any improper connection with the sewer, if it really should desire to do so to promote the public welfare.   However this may be, the defendant can abate the nuis-

ance by extending the sewer along the open stream or by embracing it within it. We do not regard this objection as a substantial one. The city must be destitute of the usual municipal powers if it can neither protect its sewers nor extend them where extension is proper.

The judgment should be affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment affirmed, with costs.