## City of Highland, Appellant, v. Christian Auer, Appellee.

1. INJUNCTIONS—*when decree against nuisance of sewage discharge not too broad as infringing city's power over streets.* An injunction decree is not too broad, which in terms restrains complainant city from "flowing through the streets" of the city "or permitting others to flow through" them polluting sewage, and restrains the city from constructing, maintaining or permitting to remain upon or in said streets any artificial ditches or drains used as a passageway for polluted waters, whereby they may be carried upon the lands of cross complainant, where such decree does not interfere with the city's control of its streets and alleys or any proper use of them, but merely enjoins such improper uses as it has power and right to control and abate.

2. NUISANCES—*power of city to abate nuisance by drainage of*

*sewage into city's surface drains.* A city has ample power to sever any improper connection with its drains and to effectually abate a nuisance by forbidding and preventing the use thereof except for purposes not giving just cause for complaint by the public or by owners of property exposed to injury therefrom and is liable to persons injured in consequence of its failure to exercise such power.

3. NUISANCES—*liability of city for sewage nuisance created by private owners by acquiescence.* Where drainage connections between houses in a city with the streets whereby objectionable matter was allowed to flow along the streets and upon appellee's land had existed for several years it will be presumed they were consented to and the city, having full power to sever such connections or otherwise abate the nuisance, cannot escape responsibility for such condition by saying it was not shown to have been created by its express consent.

4. WATERS AND WATER SUPPLY—*liability of city for diverting surface water on to abutting property.* While a city may, by drains and ditches, drain the surface water into the natural and usual channel even if the quantity of water is thereby increased, it will be liable if, by grading or changing the grade of its streets, it flows water upon land that it did not naturally carry off.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

WILLIAMSON, SIMPSON & GEORGE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

The eastern boundary of appellant is the center of Poplar street from which Broadway and 12th streets run parallel in a westerly direction. Appellee owns about two-thirds of an acre of vacant ground just east of Poplar street and north of what would be the north line of 12th street if that street were extended across Poplar street. Broadway is the first street north of 12th and there is an alley between the two streets. From the junctions of Poplar with Broadway and

12th streets to a point four blocks west, known as Methodist Hill, there is a rise of about 30 feet. From the top of that hill to the east the decline is much greater than it is to the south and southeast. The natural flow of the bulk of the water from the hill was to the east and over the property of appellee.

Appellee did some filling on his property that caused a flooding of Poplar street and some of the cellars in the vicinity of its junction with 12th street. Appellant removed the obstruction and filed its bill and procured a temporary injunction. Appellee answered and filed a cross-bill in which he averred that appellant had graded its streets and diverted the natural flow of the water and caused water to go upon his property that would not otherwise do so. He also averred that a number of dwelling houses were built on Broadway and 12th streets west of Poplar street; that many of them contained plumbing, water pipes, sewers, etc., and that the sewage therefrom, with wash water, overflow from cisterns, cesspools and other polluted and noxious waters from said buildings and premises were drained and are being drained into the streets and alleys of the city and from there drained by the city onto the land of appellee. Appellant answered the cross-bill by denying the averments aforesaid, but did not claim that the polluted water from the dwelling houses was drained into the streets and alleys without its knowledge or consent.

The court found that since appellee became the owner of his land and the block west of Poplar street between Broadway and 12th streets was improved by the erection of residences with basements, cisterns, cesspools and the like, that drains therefrom carry wash water, overflow from cesspools, sewage and other polluted waters into ditches maintained by appellant along the streets aforesaid and the alley in said block; that the offensive matters aforesaid are carried by the said ditches of appellant to the prop-

erty of appellee, where it spreads over said property rendering it unsanitary. We think the evidence fully supports the findings aforesaid.

The decree enjoined appellant as follows:

"And it is further ordered, adjudged and decreed that the City of Highland, its agents, officers and employees be and they are hereby permanently restrained from flowing through the streets and alleys of said City or permitting others to flow through the streets and alleys any and all wash water, sewage or other polluted waters and they are also hereby permanently restrained from constructing, maintaining or permitting to remain upon or in said streets or alleys any artificial ditch or ditches, drain or drains, sewer or sewers or other artificial structure or structures used as a passageway for polluted waters, such as wash water, sewage and the like, whereby and by means of which the same may be carried to and discharged upon the lands of said Christian Auer or his successors in title, and said City, its agents, officers and employees are also hereby permanently restrained from aiding or assisting any person or persons in discharging any such polluted waters upon the lands of said Christian Auer by and through the construction or maintenance or permitting to remain of any artificial ditch or ditches, drain or drains, culvert or culverts, or other artificial structure or structures in said streets or alleys or either or any of them."

Appellant contends that the decree is too broad and comprehensive and is not warranted by the law. Its main contention is that it may lawfully use drains and ditches along its streets and alleys to carry surface water to natural outlets and that it cannot be deprived of that right merely because sewage and polluted waters are discharged therein by property owners without its consent; that it cannot be required to abate a nuisance created by third persons or to prevent them from discharging sewage or polluted waters into its streets.

Some courts hold that a city is not liable for damages caused by a nuisance created by private persons on private property, nor for its failure to abate such a nuisance, nor for its failure to provide a system of sewers or drains.  The authorities relied upon by appellant are of that character.

Our constitution guarantees to every citizen that his property shall not be taken or damaged for public use without just compensation.  Article 2, sec. 13.  It protects him against damages caused by a nuisance. *Catello v. Chicago, B. & Q. R. Co.*, 298 Ill. 248.  A city has the power to regulate the use of its streets; to construct drains and regulate the use thereof; to declare what shall be a nuisance and to abate the same.  Cahill's Ill. St. ch. 24, ¶ 65, clauses 9, 29, 75. It can call upon a court of equity to enjoin the maintenance of a nuisance in its streets.  *City of Pana v. Central Washed Coal Co.*, 260 Ill. 111.  Both at common law and under the statute it would be liable for damages resulting from its negligence in not abating a nuisance on land in its possession and under its control.  *City of Mansfield v. Bristor*, 76 Ohio St. 270, 81 N. E. 631.

A city has ample power to sever any improper connection with its drains, and to effectually abate a nuisance by forbidding and preventing the use thereof except for purposes not giving just cause for complaint by the public or by owners of property exposed to injury therefrom.  *Demby v. City of Kingston*, 60 Hun 294, 14 N. Y. Supp. 601; 133 N. Y. 538; *Hines v. City of Nevada*, 150 Iowa 620, 130 N. W. 181, 32 L. R. A. (N. S.) 797.  Where it has the power to abate a nuisance it is liable to persons injured in consequence of its failure to exercise such power.  *Taylor v. City of Cumberland*, 64 Md. 68; *Taylor v. City of Baltimore*, 130 Md. 133, 99 Atl. 900.

If a city maintains a ditch for surface drainage and is aware of the fact that third parties are draining

filthy water and refuse into it whereby a nuisance is created on the plaintiff's property, the city may be enjoined. *Joyce v. Village of Janesville,* 132 Minn. 121, 155 N. W. 1067, L. R. A. 1916D 426. A city availed itself of a stream flowing through plaintiff's property for the purpose of a stormwater sewer and householders connected their waste pipes therewith without the consent of the city and contrary to its rules. An injunction against the city was sustained. *Demby v. City of Kingston,* 60 Hun 294, 14 N. Y. Supp. 601; 133 N. Y. 538. A municipal corporation may be enjoined from emptying a drain which collects surface water from the streets and sink drainage from houses into a dry gully bordering on the property of a citizen where it creates an offensive odor. *Ulmen v. Town of Mt. Angel,* 57 Ore. 547, 36 L. R. A. (N. S.) 140.

A city which, after notice, does not prevent connection of private sewage with its gutters along sides of its streets, made without its consent, whereby offal is carried to a vacant lot creating a nuisance is liable for damage. *City of Vicksburg v. Richardson,* 90 Miss. 1, 42 So. 234. It is no defense that the nuisance is actually caused by the dumping into the sewer of forbidden matter by private persons on their own property. 9 R. C. L. 673; *Hines v. City of Nevada,* 150 Iowa 620, 130 N. W. 181, 32 L. R. A. (N. S.) 797. Where a drain laid in a public street, under permission from the city, empties into a natural stream, and thereafter, without express license from the city, is used as a sewer to discharge sewage into the stream, to the injury of a lower riparian owner, the drain is a nuisance and the city is liable for negligence in not abating it. *City of Mansfield v. Bristor,* 76 Ohio St. 270, 10 L. R. A. (N. S.) 806.

Appellant did not set up in its answer to the cross-bill that if a nuisance existed it was created by householders along the line of its streets and alleys

draining their sewage into its ditches without its knowledge or consent. Citizens have no right to use the streets for such a purpose without the consent of appellant. The connections had existed for several years and we think it should be presumed that they were consented to. *Demby v. City of Kingston,* 60 Hun 294, 14 N. Y. Supp. 601. That appellant has full power and authority to sever the connections or otherwise abate the nuisance is based upon reason and supported by the authorities. It cannot escape responsibility for the condition shown to exist upon its property by saying it was not shown to have been created by its expressed consent.

The decree is supported by the law and the evidence. It does not deprive appellant of the proper use of its streets and alleys. Appellant has full control of its streets and is in possession thereof. It has no right to use them in such a manner as to injure the property of a citizen, nor has it the right to allow others to do so. The decree simply makes effective the constitutional guarantee that private property shall not be taken or damages for public use without just compensation. Appellant invoked and secured the aid of a court of equity to prevent appellee from filling his lot which is outside of the city limits, because it would create a nuisance to the damage of appellant and some of its citizens. Its right to maintain the suit cannot be questioned. It has the same right to enjoin all persons from casting polluted and offensive waters into its drains to the injury of appellee. In fact it lies within its power to sever the connections and abate the nuisance without going into court.

The court found in its decree, as a matter of law, that the appellant had the right, by grading and ditching its streets and alleys, to cause the water from a larger area to flow upon appellee's land than would reach it in a state of nature. Appellee assigns cross

error as to that holding and insists that the court should have enjoined appellant from doing such a thing. The court erred in its conclusion as to the law on that question. If a city in grading its street, or in afterwards changing it, flows water upon a lot that it did not naturally carry off, the city will be liable therefor. *City of Bloomington v. Brokaw & Co.*, 77 Ill. 194. But the city may, by drains and ditches, drain the surface water into the natural and usual channel even if the quantity of water is thereby increased. *Young v. Maquon Tp. Com'rs*, 134 Ill. 569; *Lambert v. Alcorn*, 144 Ill. 313. It may be that the court below did not intend to go further in its statement of the law.

The natural course of the bulk of the water from Methodist Hill was to the east, although some of it flowed to the south and southeast. Three or four streets crossed Broadway and 12th streets between the hill and Poplar street. There were ditches on Broadway and 12th streets, but there is no evidence that they were deeper than the ditches along the several cross streets. We cannot say from the evidence that appellant diverted the course of any water that would naturally go to the south or southeast from the hill so as to cause it to reach Poplar street and appellee's property. For that reason the cross errors cannot be sustained except as to the rule of law declared by the court and that makes no difference so far as the final results are concerned. The decree is affirmed.

*Affirmed.*