## James Hubbard, Appellee, v. City of Wood River, Appellant.

1. NUISANCES—*when smooth ice is classed among.* Smooth ice, formed by water leaking from a pipe, covering for 10 feet a sidewalk 14 feet wide, and so remaining for 10 days, constitutes a nuisance.

2. HIGHWAYS AND STREETS—*when municipality is liable for not removing smooth ice from sidewalk.* A city which allows smooth ice of some four inches depth, covering a distance of 10 feet on a public sidewalk 14 feet in width, to remain 10 days is liable to persons injured in consequence of its failure to exercise its ample power to abate such nuisance.

3. HIGHWAYS AND STREETS—*municipal liability to one slipping on smooth ice upon a sidewalk.* A city may be liable for an accident caused by ice on a sidewalk, due to the negligence of its officials, even though the ice is slippery and not in hillocks and ridges.

4. HIGHWAYS AND STREETS—*when municipality must remove ice from a part of sidewalks.* A duty is on a city to remove from a public sidewalk ice formed by accidental discharge of water thereon, the condition not being prevalent on the sidewalks at the time, within a reasonable time after notice of the condition, or after it could have been discovered by the exercise of reasonable care.

5. HIGHWAYS AND STREETS—*what effect upon recovery for injuries a pedestrian's failure to leave slippery sidewalk for street has.* One injured by slipping on a public sidewalk of 14-foot width covered with ice for a distance of 10 feet is not guilty of such contributory negligence as to prevent his recovering damages from the city merely because he did not leave the sidewalk and go upon the street in order to avoid the ice.

6. HIGHWAYS AND STREETS—*pedestrian's negligence in crossing icy sidewalk as jury question.* Whether the icy condition of a sidewalk will charge a pedestrian with contributory negligence and lack of reasonable care for his own safety in going over it to that extent that he cannot recover damages for an injury suffered in so doing, is a question of fact for the jury.

7. INSTRUCTIONS—*refusal to give instruction covered by others as not error.* It is not error to refuse to give an instruction, which so far as it correctly states the law is covered by other instructions given for appellant.

8. DAMAGES—*what verdict for broken humerus not excessive.* A verdict of $1,950 as damages to one who broke his left humerus and loosened the clavicle in a fall on a slippery sidewalk, though he was justice of the peace in exercising which office a left arm was not necessary, and was without dependents, is not so excessive as to warrant a new trial.

Appeal by defendant from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1927. Affirmed. Opinion filed May 14, 1927.

F. J. MANNING and S. A. BLEISCH, for appellant.

FERD TUNNELL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On January 29, 1926, appellee fell on the ice on a sidewalk in the City of Wood River at 56 West Ferguson Avenue. By the fall the neck of the humerus and the humerus of his left arm were broken and the clavicle was jarred loose from his shoulder. He recovered a verdict and judgment for $1,950.

Appellant has a water system and through its pipes furnishes water to its citizens for a consideration. The building at 56 West Ferguson Avenue is immediately adjacent to the sidewalk in question and is supplied with city water which is measured by a city meter at or within the said building. For several days prior to the injury the water leaked from a pipe in

the building and flowed out over the sidewalk. The evidence on behalf of appellee is to the effect that the water which so escaped had been frozen upon the sidewalk for 10 days prior to the day in question and the ice was three or four inches thick. The sidewalk was 14 feet wide and the ice extended from the building to the outer edge of the walk and was about 10 feet in width. The evidence tends to show that there was no snow or ice upon any of the other sidewalks in the said city. The weather had been cold for several days but not stormy except there had been a slight snow which had melted. William Price testified on behalf of appellee that on January 19, 1926, he went to the City Hall and notified the chief of police and the water commissioner that the water was running out on the sidewalk and freezing. He also testified that about a week prior to the accident he again notified the commissioner of the condition of the walk. The commissioner denied that he was notified by Mr. Price at any time, but the chief of police admitted that Mr. Price told him about the water, but he says it was only a day or two before the accident.

The conditions, as they existed at the time of the accident, and for 10 days prior thereto, were such as to constitute a nuisance. *City of Muncie v. Hey,* 164 Ind. 570, 74 N. E. 250. Appellant had ample power and authority to abate the nuisance and was liable to persons injured in consequence of its failure to exercise such power. *City of Highland v. Auer,* 235 Ill. App. 327. Appellant insists that mere slipperiness of a sidewalk, occasioned by ice and snow, is not such a defect as will make a municipality liable for damages thereby ensuing; that in order for a city to be liable for the icy condition of its sidewalk, it is necessary that the ice must be in the form of an obstruction to the sidewalk and must be in hillocks or ridges and that the city is not liable if the ice is perfectly smooth. Such cases as *Barker v. City of Rockford,* 239 Ill. App.

528, and the cases therein cited, are relied upon to sustain that contention. Appellant also insists that it is immaterial whether the slipperiness is caused by natural or artificial means. Some of the same Appellate Court cases are relied upon as supporting that claim.

Some of the cases cited hold that a city may be held liable if the ice is in hillocks or ridges but not if it is smooth. It is difficult to perceive the justice of applying this distinction in case of ice formed from water cast upon the walk by artificial conditions. A conductor pipe casting water onto a walk where it will freeze must, of necessity, render the walk defective, and it would seem that it should make no difference in the liability of the municipality whether, at the particular time, the ice was smooth or rough, assuming that the condition was a dangerous one. 13 A. L. R. 39.

It is difficult to perceive the ground for such a distinction. Of course, the distinction is based on the rule that there is no liability in case of slippery walks caused by freezing rain, but why should that rule apply? The conductor pipe casting water onto the walk where it will freeze must, of necessity, render the walk defective, and it can make no difference in the liability of the municipality whether, at the particular time, the ice is smooth or rough. 58 L. R. A. 324. The liability of a city for injuries resulting from the accumulation of ice upon a sidewalk is not confined to the cases where the ice is in hills or ridges. A city may be liable for an accident caused by reason of the slippery condition of its streets caused by the negligence of its officials, even where the ice and snow do not form into hills and ridges. *Holbert v. City of Philadelphia*, 221 Pa. 266, 70 Atl. 746; *Magaha v. Hagerstown*, 95 Md. 62, 51 Atl. 832; *Boyland v. City of Parkersburg*, 78 W. Va. 749, 90 S. E. 347.

The courts are quite well agreed that if a leader is constructed from the eaves trough of an adjoining building in such a way, or is so defective, as to cast water upon the walk, the municipality is liable for injuries caused by ice resulting from the freezing of such water. 13 A. L. R. 37. Where a sidewalk is in fact rendered dangerous by slippery ice formed from accidental or incidental discharge of water thereon, such not being the prevalent condition of the sidewalks at the time, it is the duty of the city to cause the danger to be removed within a reasonable time after it has notice, or by the exercise of reasonable care can discover its condition. *Reedy v. St. Louis Brewing Ass'n,* 161 Mo. 523, 61 S. W. 859.

In the case at bar the icy condition of the sidewalk in question was not caused by the freezing of falling rain or snow. A nuisance had existed for several days and under the evidence the jury were fully authorized in finding that appellant had notice thereof for at least 10 days before the accident. Appellant should have abated the nuisance. It also had control of its streets and sidewalks and it was its duty to exercise reasonable care to keep them in a reasonably safe condition for the use of the public. The street in question was the main street of the city and the place of the accident was within two blocks of the City Hall. This is not a case where all of the sidewalks of the city were icy because of freezing rain or snow. We cannot agree with those cases which hold that where water is cast upon a sidewalk, as in this case, and freezes, there may be a liability if it forms into hills or ridges but no liability if the ice so formed is smooth. In a case of the same general nature we held the city liable. *Loyd v. City of East St. Louis,* 235 Ill. App. 353.

Appellant contends that appellee should not be allowed to recover because he was guilty of contributory negligence in attempting to pass over the ice in question. The ice extended from one side of the walk to

the other, a distant of about 14 feet, and was about 10 feet in width. We are not prepared to say that it was the duty of appellee to leave the sidewalk and go out into the street in order to avoid the ice. It was his duty, however, to exercise reasonable care and caution for his own safety while attempting to cross the ice. It has been held that mere knowledge of the icy condition of a sidewalk is not sufficient, as a matter of law, to charge a pedestrian with contributory negligence in passing over it, but that is a question of fact for the jury. *Holbert v. City of Philadelphia, supra.* It is argued that the court erred in refusing an instruction offered by appellant. In so far as the instruction contains an accurate statement of the law it was fully covered by other instructions given for appellant. No complaint is made in regard to the instructions given for appellee. Eight instructions were given on behalf of appellant. The jury was fully and fairly instructed.

It is finally argued that the verdict was excessive. It is said that appellee has no dependents; that it was his left arm and shoulder that were injured; that he was a justice of the peace, the duties of which office required no physical exertion and could readily be performed by a one-arm man; that the jury must have awarded him the amount they did solely for a broken arm and collar bone and the inconvenience and pain suffered while the members were reuniting. We would not be warranted in holding that the verdict is so excessive as to require that a new trial should be granted. No reversible error having been pointed out the judgment is affirmed.

*Affirmed.*