ANSON BARTLETT *vs.* JOHN SIMAN and another.

March 18, 1878.

**Nuisance—Suit to Abate—When Continuer of Nuisance Waives the Want of Notice.**—A continuer of a nuisance, who is entitled to notice before suit against him to abate it, when sued with the creator of the nuisance, waives his right to insist upon such notice if he joins in an answer with

his co-defendant distinctly basing his defence solely upon grounds other than want of notice, and proceeds till after the proofs are closed to try the cause upon such grounds of defence, without any reference to the question of notice.

Appeal by defendants from a judgment of the district court for Fairbault county, *Dickinson,* J., presiding, adjudging a certain dam across the Blue Earth river to be a nuisance, and ordering that the same be abated.

*Brown & Wiswell* and *E. H. Hutchins,* for appellants.

*Andrew C. Dunn,* for respondent.

BERRY, J.    This is an action to abate a private nuisance. The complaint states that Siman and one Nicholls, in 1872, constructed on their land a dam across the Blue Earth river, which raised the water so as to set back and flow the lands of plaintiff.    Afterwards Nicholls conveyed his interest to Wallace, and Wallace conveyed to the defendant Payne.

In 1874, after Payne acquired his interest, he and Siman raised the dam about a foot higher than it then was, which increased the overflow upon plaintiff's land.    It alleges that those acts were wrongful, and caused damage, inconvenience and annoyance to plaintiff, and it asks judgment for an abatement of the dam, and for damages.    The defendants join in an answer in which they deny that the dam sets the water back, or in any way operates to the prejudice of plaintiff, and allege that, by proceedings had prior to the commencement of the suit, they had acquired the right to maintain the dam, and plead the statute of limitations.    There is no suggestion of any defence or exemption from suit peculiar to either of the defendants, but the joint answer evidently proceeds on the theory that the rights and liabilities of both defendants are the same, and we conclude, from the findings of the court, that the trial proceeded upon that theory till after the evidence was closed, and the parties came to sum up the cause.

A mere continuer of a nuisance is entitled, before suit brought to abate it, to a notice and opportunity to him to

v.24m—29

remove it by his own act. Want of notice, however, does not make the existence of the nuisance rightful. Such notice is merely a preliminary to the bringing of an action to abate. There is no question that a continuer of a nuisance may waive his right to insist upon this notice, and we think he does so when he joins in an answer with one who cannot claim it, and distinctly bases his defence solely upon grounds other than the want of notice, and proceeds, till after the proofs are closed, to try the case solely upon the defences set up in the answer, and without any reference to the question of notice.

Judgment affirmed.