# CHARLES BATCHER v. CITY OF STAPLES.[1]

December 20, 1912.

Nos. 17,811—(119).

**Complaint sufficient.**

    Complaint in an action to recover damages suffered by reason of the discharge of a sewer of defendant into a creek near plaintiff's land, and to enjoin the further use of such sewer, construed, and *held* to state a cause of action.

[1] Reported in 139 N. W. 140.

Note.—As to right of municipality to create nuisance by pollution at a point where its sewers discharge, see note in 20 L.R.A.(N.S.) 1050.

Prescriptive right of municipality to pollute streams with sewage or other harmful substance, see note in 25 L.R.A.(N.S.) 589.

On the question of liability for injuries to property from sewerage system not constructed according to any plan adopted by competent authorities, or constructed upon a defective plan, see note in 1 L.R.A.(N.S.) 952.

As to liability for pollution of waters by sewers generally, see note in 1 L.R.A.(N.S.) 124.

**Damages — finding sustained by evidence.**

, The finding of the trial court on the question of damages is sustained by the evidence.

Action in the district court for Todd county for an injunction restraining defendant from the further use of a certain sewer and for $900 damages. The answer alleged that defendant constructed the sewer as a sanitary measure; that the outlet thereof was a natural watercourse; that there was no other feasible outlet therefrom. It also alleged that from April, 1908, to April, 1911, plaintiff was a member of the common council of the city of Staples and chairman of its sewer committee; that as such chairman he had charge of the sewer system and it became his duty to see that the sewer system and its outlet were kept in proper repair, but that he failed to have the alleged defects in the sewer remedied. The case was tried before Taylor, J., who made findings and as conclusion of law found that plaintiff was entitled to the injunction prohibiting defendant from discharging sewage into the spring brook in such manner that by the usual and natural flow of water in the stream into which the same was discharged the sewage would be deposited upon plaintiff's property. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*G. F. Cashman,* for appellant.

*E. A. Kling,* for respondent.

BUNN, J.

This is an action to recover damages suffered by plaintiff by reason of the discharge of a sewer of defendant into a creek near plaintiff's land, and to enjoin the further use of such sewer. The case was tried by the court without a jury, and a decision made granting the injunction and assessing plaintiff's damages at $300. Defendant appeals from an order denying its motion for a new trial.

The first and principal contention of defendant is that it was error to overrule its objection to the admission of any evidence on the ground that the complaint did not state a cause of action. The material allegations of the pleading thus attacked are as follows:

Plaintiff is the owner of an 80-acre tract of land in Todd county, near the city of Staples. He had constructed substantial buildings on the land, which were occupied by himself and his tenants. Prior to the construction and use of the sewer, plaintiff's property was worth $4,000, and its rental value $300 per year. In 1907 defendant constructed, and has since maintained, a system of sewers, which collected the sewage from the different portions of the city, and discharged the same in a creek on land immediately adjoining plaintiff's premises. This creek is a brook, which flows into Hayden's brook, which latter stream flows across plaintiff's land, and is naturally a slow, sluggish and winding stream. A ditch had before this time been constructed along this brook, in the same general direction, but leaving several places in the brook where, by reason of its windings, there had been formed bays and pockets, connected with the ditch, but in which water still remained. The sewer, ever since its construction, has collected and deposited on plaintiff's land large quantities of foul, offensive, decayed and poisonous matter, which polluted the water of the brook and filled the air with offensive and poisonous vapors. This has rendered the vegetation in plaintiff's meadow and pasture unfit for use, his buildings unfit for occupancy, and has deprived plaintiff of the use and enjoyment of his premises, to his damage in the sum of $900. It is alleged that the maintenance of the sewer by defendant and the discharge of the offensive and poisonous matter constitute a nuisance.

It is claimed that, because the complaint contains no allegation that defendant was negligent in constructing or operating the sewer, it fails to state a cause of action. Conceding that negligence must be alleged and proved, we still think the complaint amply sufficient as against a demurrer, and particularly as against an objection made for the first time at the trial, as in such case it should be given the most liberal construction. It is not the label that makes an act negligent or wrongful. The omission to say that it was negligence to deposit the foul sewage on plaintiff's land does not dispel the odor or restore the vegetation on his meadow. It cannot be said that the facts pleaded do not show a wrongful and negligent affirmative act

of defendant which caused injury to plaintiff, and under any doctrine there is liability.

And the complaint may also be sustained on the theory that it shows an invasion of plaintiff's property rights, within the principle of McClure v. City of Red Wing, 28 Minn. 186, 9 N. W. 767, Tate v. City of St. Paul, 56 Minn. 527, 58 N. W. 158, 45 Am. St. 501, and Pye v. City of Mankato, 36 Minn. 373, 31 N. W. 863, 1 Am. St. 671. Granting that a city is authorized, except where prohibited by law, to discharge its sewage into a stream, and is not ordinarily, in the absence of negligence, liable to a riparian owner, that is not this case. It is true that the standard of municipal duty in the construction of sewers and drains is ordinary care; but this rule does not permit a positive trespass on private property, or an invasion of the owner's property rights. Fairly construed, the complaint in the case at bar alleges that defendant gathered and deposited upon plaintiff's land the accumulations of its sewers. This was not only an invasion of his rights of property, but a nuisance.

Defendant does not claim that the evidence was not sufficient to justify the decision of the trial court, except as to the amount of damages awarded. The court fixed the damages to plaintiff's property at $100 per year. Defendant contends that this is excessive, and not sustained by the evidence. It may be true that the witnesses for plaintiff, who testified on the question of rental value, based their opinions on reasons not strictly sound, as shown by their cross-examination. But we are unable to say that the amount of damages awarded is not fairly sustained by the evidence, applying the familiar rules that govern our action when asked to reverse a finding of fact.

Order affirmed.