## AMIEL NIENOW v. THE VILLAGE OF MAPLETON AND OTHERS.[1]

### October 24, 1919.

### No. 21,388.

**Nuisance — statutory notice of claim unnecessary.**

1. Section 1786, G. S. 1913, does not apply to an action brought to recover damages and enjoin the continuance of a nuisance caused by a village permitting sewage to be deposited on plaintiff's land.

**Special verdict on questions of fact.**

2. Special findings made by a jury upon questions of fact submitted to them are not simply advisory, but are as binding on the court as a general verdict.

**Injunction to stop a nuisance.**

3. Plaintiff was entitled to an injunction upon findings by the jury that at the time of the commencement of the action, and since its commencement and at the time of the trial, the defendants maintained a nuisance upon or in the immediate vicinity of plaintiff's farm, the court having denied defendants' application to vacate such findings.

Action in the district court for Blue Earth county to recover $1,365 damages and to restrain defendant village and its officers from continuing a nuisance. The answer among other matters alleged that for more than 25 years a drainage ditch had been established along a natural drainage course across the premises of plaintiff and kept open by his

[1]Reported in 174 N. W. 517.

grantors prior to its purchase by him; that this was the natural drainage of the land within the limits of defendant village; that by the use of said drainage ditch and by the construction in the year 1902 by the county authorities of County Ditch No. 7 along this natural watercourse, with the knowledge of all parties and with the knowledge and consent of the grantors of plaintiff, defendants acquired an easement and right to use the same for general drainage purposes, and plaintiff purchased his premises with full knowledge and notice of the rights of defendants in the premises; that at the time of the construction of said county ditch plaintiff's grantors were awarded and paid damages in full for all future damages that could be caused by the maintenance of the county ditch; that if defendants were enjoined from using the natural outlet to this drainage system, they would suffer great and irreparable injury, and that there would be great danger that the entire community would become contaminated and infected with disease, which would spread in and about the village and the locality tributary to the village of Mapleton.

A supplemental answer alleged that defendant village had without delay constructed septic tanks and a purification plant which removed all refuse matter and foreign substances from the water before it flowed into said county ditch.

The case was tried before Comstock, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony their motion for a directed verdict, and a jury which returned a general verdict in favor of plaintiff for $600 and answered special questions as stated in the first paragraph of the opinion. Thereafter plaintiff applied for a permanent injunction against defendants and the court made findings adopting the special findings of the jury, and upon the verdict and record ordered judgment for the plaintiff for $600, and denied the motion for an injunction. Plaintiff's motion for amended and additional findings and defendants' motion for amended findings were denied. From the judgment denying his motion for a permanent injunction, plaintiff appealed. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed on defendants' appeal. Reversed on plaintiff's appeal.

*H. L. & J. L. Schmitt* and *H. M. Berry,* for plaintiff.

*C. J. Laurisch, U. G. Argetsinger* and *S. B. Wilson,* for defendants.

. LEES, C.

This is an action brought to recover damages and to obtain an injunction restraining an alleged nuisance caused by the discharge of sewage on plaintiff's land. A jury returned a general verdict in plaintiff's favor for damages, with special findings, the third of which is as follows: "Q. Has the defendant, since the commencement of this action, maintained and is it now maintaining a public nuisance upon or in the immediate vicinity of plaintiff's farm? A. Yes." The fourth question was the same as the third, omitting the word "public," and was answered in the same way. Plaintiff moved for judgment on the general verdict for damages and for an injunction restraining defendants from continuing the discharge of sewage where it would come on his land. The court made findings in which the special findings of the jury were incorporated. Among the facts found by the court were the following:

That the village of Mapleton maintains a sanitary sewer, discharging into a county ditch which extends across plaintiff's land; that prior to the construction of the ditch the surface waters from the greater portion of the territory included in the village, ran off naturally, substantially along the course of the ditch; that the village was assessed for benefits in the proceedings for the construction of the ditch and has since used it to carry off surface waters; that plaintiff permitted his live stock to get into the ditch, and in consequence it has partially filled up and the flow of water has been interfered with; that there are over a thousand inhabitants in the village, and for the protection of their health a drainage system substantially similar to the one in use is a public necessity, and that irreparable injury would be worked by an injunction restraining its use; that since the action was commenced the village has constructed a septic tank in connection with its sewer system for the purification of sewage, and that, if the tank is properly maintained and operated, it will render the sewage inoffensive, and, if it fails fully to accomplish this result, a slight modification of the system will accomplish it, and that plaintiff has an adequate remedy at law for any damage he may sustain and hence is not entitled to an injunction.

Both parties moved for amended findings. Defendants' motion was

that the general verdict be set aside and that the answers to the special findings be changed from "yes" to "no." Both motions were denied. Judgment was then entered upon the verdict and the findings made by the court. Plaintiff appeals from that portion of the judgment which denied him an injunction, and defendants from the judgment against them for damages. Both appeals were heard together.

## DEFENDANTS' APPEAL.

1. Upon defendants' appeal, the only question which requires consideration is whether G. S. 1913, § 1786, applies, it being conceded that the notice provided for by that section was not given. We are of the opinion that the statute does not apply to this case. In Joyce v. Village of Janesville, 132 Minn. 121, 155 N. W. 1067, L.R.A. 1916D, 426, it was held that such notice was not essential to the maintenance of an action against a municipal corporation for equitable relief. Whether it was necessary to the maintenance of an action for damages caused by a nuisance created by a municipal corporation was not expressly decided, but it was clearly intimated that the statute only applied to cases where the basis for relief is negligence, and that it did not apply to the case of an invasion of plaintiff's premises with an offensive foreign substance brought there by means of artificial appliances.

In effect the statute requires notice to be given where damages are claimed on account of a defect in a public way or place, which is within the exclusive control of a city or village, or by reason of the negligence of any of its officers, agents or servants. The findings of the jury are that defendants created and maintained a nuisance and that plaintiff's damages were caused by the affirmative, wrongful acts of the defendants, and not through negligence. We hold that the statute does not apply to such a case. The following cases bear more or less directly upon the point decided and tend to sustain our conclusion: Mitchell v. Village of Chisholm, 116 Minn. 323, 133 N. W. 804; Diamond Iron Works v. City of Minneapolis, 129 Minn. 267, 152 N. W. 647; Johnson v. City of Duluth, 133 Minn. 405, 158 N. W. 616.

## PLAINTIFF'S APPEAL.

2. Upon plaintiff's appeal, two questions are discussed: (1) Wheth-

er the village was a wrongdoer in permitting sewage to enter the county ditch? (2) Whether plaintiff was entitled to a permanent injunction upon the facts as found? The findings of the jury were not simply advisory, and the court could not reject them in its discretion and dispose of the case without reference to them. They were as binding on the court as a general verdict in an action triable by jury. Reider v. Walz, 93 Minn. 399, 101 N. W. 601; Buzalsky v. Buzalsky, 108 Minn. 422, 122 N. W. 322; Lewis v. Murray, 131 Minn. 439, 155 N. W. 392. The findings made by the court are inconsistent with those of the jury, and more particularly the third and fourth. Apparently the court did not intend to vacate any of the special findings, for defendants' application to set them aside was denied, as was their motion to amend the court's findings by adding thereto that since the commencement of the action the defendants have not and are not now maintaining a nuisance upon or in the immediate vicinity of plaintiff's farm. Insofar as the findings made by the court are inconsistent with those made by the jury, they cannot be sustained. If the latter are allowed to stand, plaintiff is entitled to an injunction restraining defendants from continuing the nuisance complained of. Nelson v. Swedish E. L. C. Assn. 111 Minn. 149, 126 N. W. 723, 127 N. W. 626, L.R.A.(N.S.) 565, 20 Ann. Cas. 790; Lead v. Inch, 116 Minn. 467, 473, 134 N. W. 218, 39 L.R.A.(N.S.) 234, Ann. Cas. 1913B, 891; Batcher v. City of Staples, 120 Minn. 86, 139 N. W. 140; Heath v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 126 Minn. 470, 474, 148 N. W. 311; Joyce v. Village of Janesville, supra; Brede v. Minn. Crushed Stone Co. 143 Minn. 374, 173 N. W. 805.

The question of the right of the village to discharge sewage at a place from which it flows into the county ditch has been presented and argued, but it is unnecessary to pass upon it in view of the fact that there must be a new trial of the equitable issues in the case. We find nothing in the assignments of error of either party, which we have not discussed, requiring special consideration.

Upon defendants' appeal from the judgment for damages, such judgment is affirmed.

Upon plaintiff's appeal from the portion of the judgment which denies him equitable relief, the judgment is reversed and a new trial granted.