## JOHN L. SAMMONS v. VILLAGE OF WESTBROOK AND OTHERS.[1]

### April 1, 1920.

### No. 21,683.

**Nuisance — discharge of sewage — findings sustained.**

The findings of the trial court to the effect that no nuisance was cre-

[1] Reported in 176 N. W. 991.

ated on plaintiff's land by the drain constructed by defendant village was sustained by the evidence.

Action in the district court for Cottonwood county to restrain defendants from continuing a nuisance and for $2,000 damages. The case was tried before Nelson, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Henry M. Gallagher,* for appellant.

*F. B. Faber,* for respondents.

TAYLOR, C.

About the year 1908 the village of Westbrook constructed a tile drain extending in a northerly and southerly direction through the village for the purpose of draining low lands and carrying off surface water. The drain ends at the north side of Wells avenue, which runs in an east and west direction along the north side of the right of way of the Chicago, Milwaukee & St. Paul Railway Company. There is a culvert across Wells avenue and a small open ditch from this culvert to a culvert under the railway tracks. The water from the drain, when of sufficient volume, is discharged through these culverts and this ditch into a natural draw which extends in a southeasterly direction from the railroad tracks across plaintiff's land which adjoins the railroad right of way on the south. Alleging that this drain discharged sewage and other offensive matter upon his land near his dwelling house in quantities which interfered with the use of his property and endangered the health of his family, plaintiff brought this action to enjoin the village and its officers from continuing the alleged nuisance, and to recover damages for the injuries sustained.

The court found as a fact that all of plaintiff's allegations, to the effect that the drain discharged offensive matter upon his premises or created a nuisance thereon, were untrue, and rendered judgment dismissing the action. Plaintiff appealed and contends that the evidence conclusively established the existence of a nuisance. We are unable to sustain this contention. While plaintiff's evidence was to the effect that a number of kitchen sinks and the overflow from two or three septic

tanks discharged into the drain, and that noxious odors arose from the matter carried by the drain into a low wet place on plaintiff's land, defendant's evidence was to the effect that the natural flow of surface water was along the route followed by the drain, that no offensive matter was discharged from the drain, and that the odor arising from the wet swampy place in which the drain discharged did not differ from the odor arising from several other similar swampy places on plaintiff's land which were in no way connected with the drain.

The court also found that the drain would be connected with a judicial ditch then in course of construction across plaintiff's land and could cause plaintiff no inconvenience after such connection had been made. At the argument it was conceded that the judicial ditch had been constructed and the drain connected with it.

Plaintiff relies largely on the case of Joyce v. Village of Janesville, 132 Minn. 121, 155 N. W. 1067, L.R.A. 1916D, 426. While that case is much like the case at bar, the findings of fact were different. In that case the findings were to the effect that a nuisance had been created on the plaintiff's property; in this case the findings are to the effect that no nuisance existed. In that case this court said:

"Defendant's counsel contends that no nuisance was created. It is undoubtedly true that the court could properly have so found, but the finding is to the contrary. This court can neither disregard a material finding of the trial court, nor substitute another for the one made."

The evidence in this case as in that was such that the question of whether a nuisance had been created by the drain was a question of fact, and applying the rule applied in that case the findings of the trial court must stand.

Judgment affirmed.