## F. W. BOHRER v. VILLAGE OF INVER GROVE AND ANOTHER.[1]

March 12, 1926.

No. 24,995.

**Village and school district liable for damage caused by deposit of sand and dirt on plaintiff's land, when they knew such result would follow from filling ravine.**

1. The defendants filled in a natural ravine or gully on the land of one of them with sand and dirt so that when rains came the sand and dirt washed upon the adjoining property of the plaintiff doing it damage. Defendants knew that such would be the result. *Held* that the defendants are liable for the damage done.

**When action is not based on negligence, statutory notice to municipality unnecessary.**

2. It was not necessary, as a condition to recovery, to give the notice require in certain cases to be given to municipalities by G. S. 1923, § 1831.

Municipal Corporations, 28 Cyc. pp. 1330 n. 48; 1335 n. 83 New; 1494 n. 89.

Action in the district court for Dakota county. The case was tried before Schultz, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Lewis C. Shepley,* for appellants.

*Converse & Converse,* for respondent.

DIBELL, J.

Action to recover damages to the plaintiff's property caused by the deposit thereon of sand and dirt coming from a natural ravine or gully in the defendant school-district's property. There was a

[1]Reported in 207 N. W. 721.

verdict for the plaintiff. The defendants appeal from the order denying their alternative motion for judgment or a new trial. They assign as error the refusal of the court to grant judgment notwithstanding the verdict. That damage was done is conceded; and there is no quarrel over the amount of the verdict. The question presented by the assignment of error is whether there can be a recovery for the damage done.

1. The plaintiff owns four lots upon which he resides in the village of Inver Grove in Dakota county. This property lies at the foot of a steep hill ascending to the west, and extends partly up the slope. West of it is the school property, partly on the slope, and partly on the plateau above. North of the two properties is a street of the village. Across the school-district property, extending from the southwest to the northeast, is a gully or ravine which cared for the surface waters coming from adjacent land and in its natural condition was adequate. Waters coming through it spread over a portion of the plaintiff's property, and finally disappeared, without doing material damage. In making the excavation for its school-house in 1918 the school-district deposited in the ravine large amounts of dirt and sand; and the village, in grading a street, deposited like material in the same place. From time to time this material washed upon the lots of the plaintiff, but he was able to avert serious damage by keeping an outlet for the encroaching waters. In June, 1924, when there were several successive rains, sand and dirt washed from the gully or ravine onto the lots, and caused the damage for which a recovery was had. The complaint alleges that when defendants deposited the earth and sand in the ravine they knew that in times of heavy rainfall the waters would necessarily carry such material onto the plaintiff's land. The court charged, in substance, that the plaintiff could not recover unless the defendants must have known that the inevitable and unavoidable result of depositing the sand and dirt in the ravine would be to carry it onto the plaintiff's land; and the evidence was sufficient to justify a finding that such would be the effect.

If the necessary result of the filling in of the natural watercourse was to carry the sand and dirt onto the plaintiff's land the right of recovery is clear. In such case there was an invasion of plaintiff's property by the direct action of the defendants; and the legal rights of the parties may be worked out upon the theory of a trespass or a nuisance. Thus in Heath v. M. St. P. & S. S. M. Ry. Co. 126 Minn. 470, 148 N. W. 311, L. R. A. 1916E, 977, it was held that the railway company which so constructed and maintained an embankment on its right of way that a heavy rainfall caused the deposit of quantities of sand upon the land of plaintiff, committed a continuing trespass and nuisance entitling the plaintiff to damages. And see Nienow v. Village of Mapleton, 144 Minn. 60, 174 N. W. 517; Joyce v. Village of Janesville, 132 Minn. 121, 155 N. W. 1067, L. R. A. 1916D, 426; Brede v. Minn. C. S. Co. 143 Minn. 374, 173 N. W. 805, 6 A. L. R. 1092; Millett v. Minn. C. S. Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682; Batcher v. City of Staples, 120 Minn. 86, 139 N. W. 140; Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, 8 Am. St. 656.

2. The plaintiff's cause of action so viewed, we do not understand that the defendants claim that a notice such as is required by G. S. 1923, § 1831, should have been given. That section applies to cities, villages and boroughs and not to school-districts. The cause of action is not predicated upon negligence, and so notice to the village was not necessary; nor was the injury the result of anything done upon the property of the village. In connection with the cases cited in the preceding paragraph Johnson v. City of Duluth, 133 Minn. 405, 158 N. W. 616, may be noted.

Order affirmed.