# H. CHRISTIANSEN & SONS, INC. v. CITY OF DULUTH.[1]

February 20, 1948.

No. 34,539.

[1]Reported in 31 N. W. (2d) 270.

476

*Harry E. Weinberg,* City Attorney, and *Harry T. Lathrop,* Assistant City Attorney, for appellant.

*Lewis, Hammer & Heaney,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to recover damages alleged to have been caused to plaintiff's dock and business by defendant through the latter's maintenance of its dock and wharf upon land owned by it and in water adjacent to plaintiff's dock in the Duluth-Superior harbor.

Plaintiff sets forth two causes of action in its complaint. In both of them it alleged that it is a corporation "engaged in the purchase, sale and transportation of fish and other merchandise" and in the "transportation by water of freight * * * for hire. * * * with fishing boats," and that it operated freight and other boats between the "port of Duluth and other ports in interstate and foreign commerce," and "In connection with said business, * * *. owned a dock and wharf, together with a warehouse, storage plant, * * * and other property. * * * adjacent to" the Duluth-Superior harbor; and that the edge of said navigable waters touched and served plaintiff's described property.

The first action is based upon defendant's acts in maintaining its dock and wharf adjacent to plaintiff's in such a manner that it became a *public nuisance* and source of danger to property in its vicinity, with the result that it broke, fell into the water, and *trespassed* upon and against plaintiff's dock, causing the damages alleged.

The second cause of action is based upon defendant's acts in maintaining its dock in such a place and condition that it was liable to and did fall into the navigable waters of the United States, and hence impeded and obstructed navigation, including the property of plaintiff used in navigation, all in violation of the laws of the United States, 33 USCA, §§ 407,[2] 409.

Following service of the complaint, defendant interposed a demurrer to each of the causes of action on the ground, among others, that the facts alleged therein did not constitute a cause of action. From an order overruling the demurrer as to both causes of action, but certifying that the questions presented were important and doubtful, this appeal is taken.

---

[2]Section 407 states in part:

"* * * it shall not be lawful to deposit, or cause, suffer, or procure to be deposited material of any kind in any place on the bank of any navigable water, or on the bank of any tributary of any navigable water, where the same shall be liable to be washed into such navigable water, either by ordinary or high tides, or by storms or floods, or otherwise, whereby navigation shall or may be impeded or obstructed: * * *."

In substance, defendant's contentions are that plaintiff's actions, while based upon nuisance, trespass, or violation of a statute, nevertheless in reality are founded upon allegations that defendant's negligence created the nuisance or trespass alleged; that defendant is a municipal corporation, and hence that M. S. A. 465.09, requiring written notice as a prerequisite to actions against municipalities based upon negligence, became applicable; that plaintiff failed to give such notice; and that its complaint, failing to allege such notice to defendant, stated no cause of action.

Plaintiff denies that its complaint is based upon negligence, but, on the contrary, asserts that it is based solely on the grounds that defendant maintained a *public nuisance* resulting in trespass to plaintiff's property in violation of the common law and federal statutes; and, this being true and there being no allegation of negligence in either cause of action, that the written notice prescribed by § 465.09 was unnecessary.

Specifically, plaintiff's first cause of action alleges that for many years prior to November 7, 1943, defendant—

"caused and permitted its said dock and wharf to become and to be a public nuisance as defined [by the] * * * statutes of the State of Minnesota, in that it became and was so dilapidated and in such a state of serious disrepair that its foundation continually became undermined and washed away; and the timbers supporting said dock, as well as the timber and planking out of which said dock was made, became and continued to be badly decayed and insecure, so that said dock and wharf, over a period of many years prior to November 7, 1943, became a source of danger to persons who might go thereon and to property in its vicinity. That for many years, Defendant's said dock had tended to interfere with and obstruct and had interfered with and obstructed the lake, bay and the navigable waters of said harbor. That Defendant maintained said dangerous *public nuisance* for many years, so that danger and damage were certain to result from the operation of natural forces thereon. That Defendant, for many years, maintained its said dock in such a dilapidated condition that it was likely to fall into the

water of the harbor and to injure both persons and property. That said dock did in fact so fall and damaged Plaintiff's business and property.

"* * * That * * * Plaintiff had many times warned and requested Defendant to suppress and to remove said dangerous nuisance. * * *

\* \* \* \* \*

"That Defendant's said nuisance, and Defendant, by its maintenance of said nuisance, wrongfully and unlawfully broke and entered Plaintiff's property with force and violence and *trespassed* thereon, to Plaintiff's great damage." (Italics supplied.)

The allegations set forth in the first cause of action are realleged in the second cause of action, but added thereto are allegations that defendant, in violation of 33 USCA, §§ 407, 409, maintained its dock in such place and condition that it was liable to be washed into the navigable waters of the United States, and—

"* * * That Defendant's unlawful acts were not only liable to impede or obstruct navigation, but also were very likely to cause damage to Plaintiff and others similarly situated. That Plaintiff and its property are within the class or group of persons and property intended to be protected by the said laws of the United States [33 USCA, §§ 407, 409].

"That Defendant's unlawful acts obstructed and impeded navigation on the navigable waters of the United States * * *. That Defendant's said acts have obstructed and impeded Plaintiff's navigation and operation of boats which it formerly used and operated in transporting freight and passengers for hire in commerce by water. That since November 7, 1943, and because of Defendant's unlawful act as herein alleged, it has not been possible for Plaintiff to use or operate its said boats, and it has not operated them as it formerly did, for the reason that it has not been possible to use them or to operate them without dock facilities, which facilities were destroyed by Defendant's unlawful act and which Plaintiff has not been able to rebuild or reacquire. That, as a result, Plaintiff's navigation business has been destroyed, and it has ceased to operate

boats which it operated before Defendant obstructed and impeded navigation * * *."

■ Plaintiff's action contains no allegations of negligence. All reference to the term is carefully avoided. Its first cause of action is based exclusively upon defendant's creation and maintenance of a public nuisance, the consequence of which was a trespass upon plaintiff's property, resulting in damage thereto as well as to plaintiff's business. The second cause of action realleged the creation and maintenance of a public nuisance resulting in trespass upon plaintiff's property and damage thereto, and further alleged that defendant's actions therein constituted a violation of 33 USCA, §§ 407, 409, because they interfered with navigation in general, and plaintiff's right of navigation in particular, not only by damaging plaintiff's property used in navigation, but also by impeding and obstructing the channels of navigation used by plaintiff and others.

At this stage of the proceedings, we are not required to speculate as to the evidence plaintiff may be required to submit to sustain the allegations thus made or to consider whether such evidence will establish that plaintiff's damages were the result of negligence on the part of defendant. 5 Dunnell, Dig. & Supp. § 7549. Based upon authorities hereinafter referred to, it appears that the first cause of action, founded upon nuisance followed by trespass, as alleged, is sufficient as against a general demurrer.

■ It is well established that the same acts or conditions may and often do create liability either for negligence or for nuisance; and while, generally speaking, a nuisance presupposes negligence, negligence is not necessarily one of the material elements of either trespass or nuisance. Power v. Village of Hibbing, 182 Minn. 66, 233 N. W. 597; Nienow v. Village of Mapleton, 144 Minn. 60, 174 N. W. 517; Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721; Johnson v. City of Fairmont, 188 Minn. 451, 247 N. W. 572.

Defendant's contention that the notice to it provided for in § 465.09 is a necessary prerequisite to these actions based upon nuisance or trespass is not in accord with our decisions on this point. Thus, in

Hughes v. Village of Nashwauk, 177 Minn. 547, 554, 225 N. W. 898, 900, which involved an action for trespass upon plaintiff's premises caused by a nuisance maintained by defendant, where no statutory notice was given, we stated:

"The complaint in the present case alleges such an invasion of the plaintiff's premises and the creation of a nuisance thereon. In that situation it appears to be settled by our decisions above noted that an equitable action to enjoin the nuisance and recover damages therefor *would not come within the statute requiring notice.* It is clear also that under the decision in the Bohrer case, 166 Minn. 336, 207 N. W. 721, *an action at law for damages to property would not come within the statute.* * * * Here the cause of damage is alleged to be a *nuisance* created and maintained by the defendant on private property. While the question is not without difficulty, we deem it included in and decided by Nienow v. Village of Mapleton, 144 Minn. 60, 174 N. W. 517, and Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721, and that the demurrer to the complaint was properly overruled." (Italics supplied.) ·

In Nienow v. Village of Mapleton, 144 Minn. 63, 174 N. W. 518, this court stated:

"In effect the statute requires notice to be given where damages are claimed * * * by reason of the negligence of any of its [a city's] officers, agents or servants. The findings of the jury are that defendants created and maintained a *nuisance* and that plaintiff's damages were caused by the affirmative, wrongful acts of the defendants, and not through negligence. We hold that the statute does not apply to such a case." (Italics supplied.)

Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721, was an action to recover damages caused by a deposit of sand upon plaintiff's property coming from a natural ravine or gully where defendant had deposited it several years before. No statutory notice was given. There we stated (166 Minn. 338, 207 N. W. 721):

"If the necessary result of the filling in of the natural watercourse was to carry the sand and dirt onto the plaintiff's land the right

of recovery is clear. In such case there was an invasion of plaintiff's property by the direct action of the defendants; and the legal rights of the parties may be worked out upon the theory of a *trespass or a nuisance.* * * *

"* * * *The cause of action is not predicated upon negligence, and so notice to the village was not necessary;* * * *." (Italics supplied.)

Under these authorities, accepting at its face value the first cause of action as one founded upon nuisance or trespass, we hold it sufficient without an allegation establishing the statutory notice prescribed in § 465.09.

■ Defendant asserts that this action, if it be regarded as one of trespass, must fail because there is no allegation of *intentional harm* or the application of *direct force* by defendant in making the trespass alleged. Such allegations are not necessary in actions founded upon trespass, as stated in 6 Dunnell, Dig. § 9691:

"A complaint which alleges plaintiff's ownership and possession at the time of the entry, defendant's wrongful entry and acts of trespass, and plaintiff's damages, is sufficient. It is essential to allege possession of the plaintiff at the time of the entry, or a title carrying the right of immediate possession. A general allegation of ownership is a sufficient allegation of possession. A general allegation of a wrongful entry is sufficient. A complaint which alleges a trespass upon realty, and that the plaintiff was thereby deprived of the use of the property, and that such use was worth a certain sum, is sufficient, though it does not in terms allege that the plaintiff was damaged."

■ Defendant cites a number of cases wherein courts have held that a nuisance may be established or created through negligence of a defendant, and that such a defendant's liability is founded upon the negligence which created the nuisance. This, defendant asserts, establishes that where a nuisance is alleged the action is in reality one founded upon negligence; hence, that the statutory notice is required. While it is true that a number of cases have held that a

nuisance may be created and maintained as the result of negligence, as has been indicated above, negligence is not vital to the establishment of an action based upon nuisance.

In Mokovich v. Independent School Dist. 177 Minn. 446, 449, 225 N. W. 292, 293, we stated:

"The distinction between negligence and nuisance is not clearly defined. There may be instances where a nuisance is created or exists without negligence as its primary cause. * * * It may be said that negligence is some act or omission in violation of a duty * * * while a nuisance is a dangerous, unsafe or offensive condition resulting from some act or omission."

■ Plaintiff's second cause of action, in addition to realleging the allegations of the first cause of action, which would support it for the reasons hereinbefore outlined, alleges the violation of a federal statute enacted for a class of which plaintiff is a member. The violation of a statute, defendant asserts, constitutes negligence, and, accordingly, notice under § 465.09 should have been alleged.

It is true that a civil action for damages founded upon the violation of a statute enacted for the benefit of the public generally and brought by one within the class for whose protection it was intended in certain instances may be founded upon negligence, but it does not follow that all such actions involve this issue.

It is clear that just as a common-law action founded upon nuisance may be established without negligence, so also an action based upon the violation of a statute may establish nuisance without negligence. As stated in Olesen v. Retzlaff, 184 Minn. 624, 627, 238 N. W. 12, 14, 78 A. L. R. 891:

"* * * Usually we have referred to liability as resting upon the statute and nothing more. A violation of it followed by damages justifies a recovery. Occasionally when making an unnecessary explanation, or unnecessarily suggesting the basis of the statute, we have referred the general ground of liability to fraud or to a fraudulent representation. In some of the cases we find negligence or the violation of a trust relationship used by way of explanation. *A vio-*

*lation of the statute gives the right of action. Nothing more is necessary if damage accrues. \* \* \* Simple disobedience to the statute brings liability without the existence of other wrongdoing. The same rule applies to the violation of a statute when the right enforced is suggestive of negligence or a tort of the defendant."* (Italics supplied.)

50 Am. Jur., Statutes, § 584, states in part:

"The violation of a statutory provision \* \* \* is generally regarded as giving rise to a liability and creating a private right of action, whenever the other elements essential to a recovery are present. *This is true regardless of actual negligence on the part of the violator of the statute, and although no action is given in express terms by the statute."* (Italics supplied.)

In Dohm v. R. N. Cardozo & Bro. 165 Minn. 193, 196, 206 N. W. 377, 378, we stated:

"We must not lose sight of the fact that in certain cases the violation of an imposed statutory duty results in liability *irrespective of such conduct as would constitute negligence in the absence of a statute."* (Italics supplied.)

In 32 Minn. L. Rev. 109, Professor William L. Prosser in his article entitled *Contributory Negligence as Defense to Violation of Statute* makes the following observation:

"It follows that the violation of a statute is not always to be classified as negligence. It may be treated as trespass, conversion, fraud, nuisance, libel or slander, malicious prosecution or perhaps any other tort."

In the light of the foregoing authorities, at the present stage of the proceedings we cannot say that plaintiff's second cause of action is founded upon negligence created by virtue of the violation of the federal statutes cited.

■ It has been suggested that plaintiff is not one for whose benefit the foregoing statute was enacted. The decision in federal court involving this litigation is cited in support of this assertion. In that

decision (H. Christiansen & Sons, Inc. v. City of Duluth [8 Cir.] 154 F. [2d] 205), the United States circuit court of appeals for the eighth circuit held (154 F. [2d] 207):

"It will be noted that the only damage claimed to have been suffered by the plaintiff was that arising from injury to its dock * * *. *There is no claim of any damage by reason of any obstruction of the navigable waters, nor is there any allegation or proof that plaintiff's boats were impeded.* The statute relied upon has particular reference to impeding or obstructing navigation. * * *

* * * * *

"* * * The statute was for the protection of navigation and *there was neither allegation nor proof that navigation was impeded or obstructed,* and *no recovery was sought because of any obstruction to the navigable waters,* * * *." (Italics supplied.)

Reference to the complaint herein and to those parts thereof above quoted indicates that plaintiff, in its present action, has alleged injury and damage beyond that alleged and established in the federal court proceedings. Here, plaintiff alleges not only damages to his dock, but, further, that defendant by its violation of the statute has *obstructed the channels of navigation* and has interfered with plaintiff's right to navigation in the waters involved. If it is established that defendant obstructed and impeded the channels of navigation to the damage of plaintiff, in violation of the statutory prohibition, it would follow that plaintiff is within the class of persons for whose benefit the statute was enacted. Neches Canal Co. v. Miller & Vidor Lbr. Co. (5 Cir.) 24 F. (2d) 763; Texas & N. O. R. Co. v. Brotherhood of R. & S. Clerks, 281 U. S. 548, 50 S. Ct. 427, 74 L. ed. 1034; Pennsylvania v. Wheeling & Belmont Bridge Co. 59 U. S. (How.) 421, 15 L. ed. 435; Texarkana & Ft. Smith Ry. Co. v. Parsons (8 Cir.) 74 F. 408. As stated in the Wheeling & Belmont Bridge Co. case, 59 U. S. (How.) 431, 15 L. ed. 435:

"But, although this right of navigation be a public right common to all, yet, a private party sustaining special damage by the obstruction may, as has been held in this case, maintain an action at

law against the party creating it, to recover his damages; or, to prevent irreparable injury, file a bill in chancery for the purpose of removing the obstruction. *In both cases, the private right to damages,* or to the removal, *arises out of the unlawful interference with the enjoyment of the public right,* which, as we have seen, is under the regulation of congress." (Italics supplied.)

■ It is apparent that plaintiff's claim depends upon the submission of evidence establishing that defendant created and maintained a public nuisance, trespassed upon plaintiff's property, obstructed navigation, and proximately caused plaintiff's damages as a result. At this point, we hold that on the face of the pleadings plaintiff has stated two good causes of action—one founded upon public nuisance and trespass, and one founded upon nuisance created as a result of statutory violations. Insofar as the complaint is concerned, under such circumstances the failure to allege notice is not fatal.

Order affirmed.

[1]Reported in 31 N. W. (2d) 277.