### AMERICAN AUTOMOBILE INSURANCE COMPANY v. CITY OF MINNEAPOLIS.

107 N. W. (2d) 320.

January 20, 1961—No. 37,867.

*Tyrrell, Jardine, Logan & O'Brien* and *Ross M. Muir,* for appellant.

*Charles A. Sawyer,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent.

*Orville C. Peterson,* for League of Minnesota Municipalities, amicus curiae.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court entered pursuant to an order granting defendant's motion for summary judgment.

The plaintiff insurance company in its brief, and the trial court in its memorandum and order, refer to the action as one for indemnification. Dovre Hall Association carried liability insurance with the plaintiff company covering the association's premises at 2337 Central Avenue N. E. in Minneapolis. A ramp ran from the building on the premises to the public sidewalk. The sidewalk had sunk over the years so that on December 23, 1953, it was lower than the ramp. On that day one Nora B. Nelson walked down the ramp toward the sidewalk. She fell at some point and was injured. She gave no notice of her injuries to the city.

On May 11, 1954, Mrs. Nelson commenced an action for damages against Dovre Hall Association. The case was tried before a jury, which returned a verdict in her favor on December 12, 1955. After various court proceedings, the case was settled on March 12, 1957, for $20,000 and that amount was paid to Mrs. Nelson by plaintiff in this action as insurer for Dovre Hall Association. On that same day plaintiff served a notice of claim for $20,000 upon the city of Min-

neapolis. This was more than 3 years after Mrs. Nelson was injured.

Plaintiff commenced this action against the defendant city on June 27, 1957. Thereafter the defendant city moved for summary judgment in its favor, which motion was granted. Judgment was entered accordingly for the city dismissing the action with prejudice, and this appeal was taken from that judgment.

Plaintiff's only assignment of error here is that the trial court erred in granting defendant's motion for summary judgment, which raises the following issues:

(a) Does Minn. St. 465.09, relating to notice of claim to a municipality, apply to an action for indemnification?

(b) If it does, does it apply to the indemnitee at the time when the original accident occurs or when the indemnitee sustains a loss?

The pertinent provisions of § 465.09 are:

"Every person who claims damages from any city, * * * for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, * * * or by reason of the negligence of any of its officers, agents, servants, or employees, shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

Plaintiff contends that since it is bringing an action for indemnification against defendant city it is not barred by the failure to give notice to defendant within 30 days of the accident as required by § 465.09. It argues that § 465.09 applies only to actions based upon negligence and that its action is not based on negligence but on contract; that the contract upon which its action is based is one of indemnity which the law implies in situations involving several tortfeasors. Plaintiff also contends that it complied with the statutory requirement of filing notice of claim with the city when it filed its notice of claim with the city on March 12, 1957, which was within 30 days of the time when

it suffered its loss. Plaintiff claims that its action accrued only then.

The defendant city on the other hand claims that this is a tort or negligence action in which plaintiff insurance company seeks to be indemnified for the amount it paid a third party for injuries sustained by her because of the negligence of plaintiff's assured; in other words, for indemnification based upon alleged negligence of the city in maintaining the public sidewalk.

Defendant quotes the following paragraphs of the complaint:

"That the said condition above described [the difference in elevation between the edge of the private ramp and the public sidewalk adjoining] was due to the *careless, and negligent conduct of the City of Minneapolis,* its agents, servants and employees and had existed for an unreasonable length of time prior to the said date, and that defendant knew or had reason to know thereof.

\*   \*   \*   \*   \*

"That the American Automobile Insurance Company by reason of the said payment has *sustained a loss due to the defect in the sidewalk* as above alleged." (Italics supplied.)

Defendant contends that plaintiff is barred from bringing this action for indemnification because of the failure to give notice to defendant within 30 days after the accident as required by § 465.09. Defendant also claims that plaintiff's present action could not be based upon contract because there has never been an actual contract between plaintiff's assured and defendant and that an implied contract of indemnity is merely a legal fiction and cannot be said to transform this action into one based upon contract.

■   The rule is well settled in this jurisdiction that notice to a municipality under § 465.09 is required only when an action is predicated upon negligence. Hahn v. City of Ortonville, 238 Minn. 428, 57 N. W. (2d) 254; Bohrer v. Village of Inver Grove, 166 Minn. 336, 207 N. W. 721; Christiansen & Sons, Inc. v. City of Duluth, 225 Minn. 475, 31 N. W. (2d) 270.

This court has repeatedly stated that the purpose of requiring notice within 30 days that a claim will be made against a municipality for personal injuries sustained by reason of defects on a public street is to

enable its authorities to make timely investigations into the time, place, and circumstances of the accident while witnesses are obtainable and their recollections fresh so that claims can be settled, if valid, and if not, so that an intelligent answer can be made in any action brought to enforce the claim. Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561; Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449; Anderson v. City of Minneapolis, 138 Minn. 350, 165 N. W. 134.

It is our opinion under the record here that this action is predicated upon negligence and therefore notice to the city was required 30 days after the accident, accordingly the trial court did not err in granting defendant's motion for summary judgment.

■ The right to indemnity is based upon an equitable doctrine under which a party is entitled to indemnity if he has paid an obligation which, as between himself and another person, the latter in equity and in good conscience ought to have paid. Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843. In the instant case failure to serve notice on the city within 30 days after the injury to Mrs. Nelson prevented any liability on the part of the city from existing. It follows that the city cannot be held liable to the party who has paid her since no liability exists from which indemnity may flow.

Affirmed.