PAUL D. ANDERSON, A MINOR, BY HIS FATHER AND NATURAL GUARDIAN, LaVERN C. ANDERSON, AND ANOTHER v. JANICE K. ANDERSON AND ANOTHER. COUNTY OF WASHINGTON AND ANOTHER, THIRD-PARTY DEFENDANTS.

217 N. W. 2d 854.

May 10, 1974—No. 44515.

*Stringer, Donnelly, Allen & Sharood* and *A. James Dickinson,* for appellant.

*Richards, Montgomery, Cobb & Bassford, Jonathan P. Scoll,* and *John A. Rosberg, Jr.,* for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

This is a third-party action to enforce a contractual right of indemnity against Washington and Dakota Counties. Washington County moved for a dismissal of the third-party plaintiff's complaint. The motion was granted and the lower court ordered the action dismissed with prejudice. The third-party plaintiff, Chicago, Rock Island and Pacific Railroad Company, appeals from that order. We reverse.

An automobile accident occurred on July 9, 1971, on a drawbridge which is part of County Highway No. 24. A vehicle driven by Janice K. Anderson collided with a traffic control gate which was in the process of closing to prevent traffic from crossing and to allow river traffic to travel under the bridge. Her passenger, Paul D. Anderson, was injured and commenced an action against the railroad and Janice Anderson. The bridge is owned by the railroad and spans the Mississippi River between Washington and Dakota Counties in Inver Grove Heights. The bridge has two decks; the upper level carries rail traffic, and the lower level is open exclusively to highway traffic. The railroad leases the lower deck to Dakota and Washington Counties pursuant to a contract dated December 11, 1967.

Section 5 of the contract provides as follows:

"Counties shall indemnify and save harmless Railroad, its agents and employees, from and against any and all liability arising, in any manner, out of or in connection with the maintenance of said highway deck and appurtenances thereof by the Counties, any failure or alleged failure on the part of the Counties to properly maintain said highway deck or its appurtenances or the use of said highway deck by the traveling public."

Plaintiff Paul Anderson's complaint alleged that defendant railroad was negligent in its operation of the traffic control gate and that defendant Janice Anderson negligently failed to maintain proper control of her automobile. The action was commenced in February 1973, and the third-party action against the counties in March 1973. It was conceded that none of the parties gave notice of the claim to the counties prior to the commencement of the third-party action.

Inasmuch as plaintiff Paul Anderson was using the highway as a member of the "traveling public," the railroad claims a right to indemnity pursuant to Section 5 of the contract although it has not satisfied the notice requirement of Minn. St. 466.05. The lower court held compliance with § 466.05 was necessary, relying upon American Automobile Ins. Co. v. City of Minneapolis, 259 Minn. 294, 107 N. W. 2d 320 (1961), to support its determination that the railroad's failure to serve notice upon the counties destroys any contractual liability from which indemnity might have ensued.

The pertinent statutes are as follows:

Minn. St. 466.05 provides in relevant part:

"Subdivision 1.   Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded."

Minn. St. 466.02 provides:

"Subject to the limitations of Laws 1963, Chapter 798, every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function."

The third-party plaintiff claims essentially that, inasmuch as this action is based upon an express contract for indemnity rather than upon negligence, the notice requirement is inapplicable.

As stated above, the district court based its ruling upon American Automobile Ins. Co. v. City of Minneapolis, *supra*. That case involved a claim for indemnity based upon an implied contract supported by an allegation of negligence on the part of the city in failing to properly maintain a sidewalk. This court held that such an action, even though sounding in contract, is predicated upon negligence and that, accordingly, it was necessary to give notice to the city within the requisite 30 days after the accident. The case before us presents an entirely different situation. The third-party action here is a claim for indemnity based on the provision therefor in an express contract between the counties and the railroad.

Prior to 1963, when legislative act removed municipalities from tort immunity, many counties and other municipal subdivisions had entered into indemnification agreements such as that before us. The concept of these contracts was an historical innovation of these subdivisions not only for their own benefit and protection, but also for that of the public, by attempting to provide for the continued use of such highways under optimum conditions. There is no valid reason to suggest that therefore, before 1963, the county had no legal authority to enter into such a contract, agreeing that the railroad would keep its bridge open for the traveling public in exchange for saving said railroad harmless. There further is no legal precedent preventing a municipality from entering into such a contract, and therefore, if the contract's legality was unquestioned prior to 1963, Minn. St. 466.05 does not now make it illegal. Since negligence is not the basis of this third-party complaint, any liability of the counties will rest solely upon the parties' express written contract. We need not determine whether actual contractual liability exists here.

Inasmuch as the action involved is based upon express contract and does not sound in negligence, we hold that Minn. St. 466.05 is inapplicable. Such a result does not conflict with American Automobile Ins. Co. v. City of Minneapolis, *supra,* or subsequent construction of the statutory 30-day notice requirement. See, Altendorfer v. Jandric, Inc. 294 Minn. 475, 199 N. W. 2d 812 (1972).

Reversed.